Silas R. LIECHTY and Jonathan A. Liechty, Plaintiffs, Appellees,

v.

Ezra H. LIECHTY, Defendant, Appellant.

Civ. No. 9073.

Supreme Court of North Dakota.

June 23, 1975.

Kenneth M. Moran, Jamestown, for defendant, appellant.

Wheeler, Wolf, Wefald & Durick, Bismarck, for plaintiffs, appellees, argued by Ronald W. Wheeler, Bismarck.

PEDERSON, Judge.

## CASE SUMMARY

This is an appeal by the defendant, Ezra H. Liechty (Ezra) from an interim order of the District Court of Burleigh County confirming the date of dissolution of a partnership. The order set March 9, 1972, as the date of dissolution and appointed a Special Master to complete the winding up of the partnership. Ezra appeals from the entire interim order.

The order of the trial court is reversed and set aside.

## FACTS

On or about January 1, 1957, the plaintiffs, Silas R. Liechty and Jonathan A. Liechty (Silas and Jonathan), formed a general partnership with the defendant, Ezra H. Liechty. The partnership was known as Liechty Bros. and conducted the business of farming, beef production, mobile home sales, and other business. Liechty Bros. subsequently became involved in the development and operation of Mobile Home Parks.

By their partnership agreement, each of the parties agreed to "devote his full time,

experience and training in the performance of such work as may be required in the furtherance of the business of the partnership and shall not engage in any other business activity without the written consent of each of the other partners."

The partnership operated smoothly until December of 1971. From that time on, Silas and Jonathan contend that Ezra has willfully and persistently violated the terms of the partnership agreement by not devoting all of his efforts in furtherance of the partnership. At a directors' meeting on March 9, 1972, Silas and Jonathan unilaterally moved to terminate Ezra's privilege to sign checks and otherwise obligate the partnership in its business affairs. Although Ezra continued to draw an equal income from the partnership until December 1, 1973, when his status as an employee of the partnership was ended, the trial court confirmed Silas and Jonathan's prayer that the partnership was terminated as of March 9, 1972, and established this date as the date of dissolution of the partnership.

On September 30, 1974, the trial court issued an interim order confirming March 9, 1972, as the date of dissolution of the partnership and appointed a Special Master to promptly complete the winding up of the partnership. Ezra appeals from this order, declaring the date of dissolution to be March 9, 1972, and specifying that plaintiffs must account to defendant for the value of his share of partnership capital as of that date, plus partnership profits until the winding up is completed.

## ISSUE

The only issue before this court is whether the finding that the date of dissolution determined by the trial court in its interim order to be March 9, 1972, was clearly erroneous.

## DECISION

In enacting Chapter 326 of the Session Laws of 1959, the North Dakota Legislative Assembly adopted the Uniform Partnership Act and repealed all of Chapters 45–01 through 45–04 of the North Dakota Revised Code of 1943. See Sections 45–1203 and 45–1204 of Chapter 326, S.L.1959.

Although the Legislature stated in § 45–0503(5) of that Act that: "This Act shall not be construed so as to impair the obligations of any contract existing when the Act goes into effect, nor to affect any action or proceedings begun or right accrued before this Act takes effect," it also provided in § 45–1202 of that Act that: "A general partnership formed under any statute of this state prior to July 1, 1959, including the general partners of a special or limited partnership formed prior to July 1, 1959, are governed by the provisions of this Act [Chapters 45–05 through 45–12], from and after July 1, 1959."

■ Accordingly, we hold that Chapters 45–05 through 45–12, N.D.C.C., are applicable to the dissolution and winding up of the Liechty Bros. partnership, which was formed in 1957, no action or proceedings having been begun affecting dissolution prior to July 1, 1959.

■ The partnership agreement in many respects is the law of partnership. Bailey v. McCoy, 187 Neb. 618, 193 N.W.2d 270 (1971). The importance of the partnership agreement cannot be overemphasized:

"The agreement, whatever its form, is the heart of the partnership. One of the salient characteristics of partnership law is the extent to which partners may write their own ticket. Relations among them are governed by common law and statute, but almost invariably can be overridden by the parties themselves. As one court has long put it, the agreement is the law of the partnership." Crane and Bromberg, Law of Partnership, § 5 (1968).

In the instant case, the partnership agreement states that the existence of the partnership shall remain "until the death of

one of the partners, or until this partnership is dissolved by mutual agreement."

Silas and Jonathan contend that their prayer to the court was not an application for a court decree of dissolution but rather only for the confirmation of the date of dissolution.

 Under the Uniform Partnership Act, dissolution may be accomplished rightfully or wrongfully and can be caused by the expulsion of a partner. If the expulsion of a partner is pursuant to a power conferred by the partnership agreement, it fulfills the requirements of § 45–09–03(1)(d), N.D.C.C.

The Liechty Bros. partnership agreement conferred no power to expel any of the partners and, therefore, the expulsion of Ezra by Silas and Jonathan was in contravention of the agreement.

Pursuant to § 45–09–03(2), N.D.C.C., a dissolution can be caused in contravention of the partnership agreement only "where the circumstances do not permit a dissolution under any other provision of this section, by the express will of any partner at any time."

Silas and Jonathan have pointed out no circumstances to the trial court or to this court which prevent dissolution "by decree of court under section 45–09–04," as permitted by § 45–09–03(6), N.D.C.C. Section 45–09–04, N.D.C.C., states many bases for a judicial dissolution, including some which may apply to this case, such as neglect of duty by a partner. Therefore, dissolution by decree is available to Silas and Jonathan, and dissolution by any means in contravention of the partnership agreement is not unless it is by mutual consent of all the partners. § 45–07–01(8), N.D.C.C.

Without deciding whether or not the expulsion of Ezra was right or wrong, because that issue is not before us, we hold that such expulsion cannot amount to either a rightful or a wrongful dissolution.

The trial court does not have the power to issue an order confirming a date of dissolution when there has been no dissolution in accordance with a provision in the partnership agreement, by mutual agreement, or by a decree of the court. The findings of fact and conclusions of law were based upon an error of law and, therefore, must be set aside.

The order of the trial court is reversed and set aside.

ERICKSTAD, C. J., and PAULSON, VOGEL and SAND, JJ., concur.