SOUTH DAKOTA WHEAT GROWERS ASSN., Respondent,
v. SIELER, Appellant.

(230 N. W. 805.)

(File No. 6797.   Opinion filed May 10, 1930.)

See, also, 223 N. W. 319.

J. G. Brady, of Aberdeen, for Appellant.
Van Slyke & Agor, of Aberdeen, for Respondent.

BURCH, J. This is an action to enjoin the violation of a contract, to recover damages for its past breach, and to specifically enforce it in the future. The contract by its terms provides for the remedies sought. It was entered into between the South Dakota Wheat Growers' Association and the defendant, with many others, of a similar character, in furtherance of a plan for co-operative marketing of wheat. The association is a corporation organized under the South Dakota Co-operative Marketing Act of 1923, c. 15, Laws 1923, and the contract is of a character authorized by section 16 of that act. Defendant defends on the ground that he was induced to enter into the contract by fraud. The case was tried to the court and a jury. Two special interrogatories were

submitted to the jury and the jury answered both in favor of defendant. The interrogatories and answers are as follows: ·

"(1) Was defendant induced to sign the contract by the fraudulent statements of plaintiff's agent, Spurling? Answer * * * Yes. * * *

"(2) If your answer to the foregoing interrogatory is yes, you will also answer the following interrogatory: Did the defendant rescind promptly on the discovery by him of the falsity of said fraudulent statement? Answer * * * Yes. * * * "

On receipt of these special verdicts plaintiff moved for judgment, notwithstanding the verdict, which the court granted. Thereafter the court made findings of fact and conclusions of law and entered judgment for plaintiff. From this judgment, and an order denying a new trial, defendant appeals.

██ ██ The assignments of error are few and such facts as may be necessary for a proper understanding of the errors assigned will be mentioned in the course of the discussion of such errors. The first assignment is that the court erred in granting plaintiff's motion for judgment notwithstanding the verdict because there is sufficient evidence to support the verdict that the contract was obtained by fraud and misrepresentation. Appellant says, "if the court has the power to set aside a verdict rendered by a jury which is in all things regular and supported by sufficient evidence, it must be considered that such power is a dangerous one."

Appellant apparently overlooks the form of this action. This is an action in equity and the court had no power to render judgment on the verdict. The motion was unnecessary. The verdict was advisory only. It might be adopted or rejected by the court as he believed the evidence warranted, and the responsibility was on him to find the facts truly as he believed them to be. Appellant's argument and citations are applicable to jury cases and not to cases triable to the court without a jury. In such cases the facts are for the court to decide and his findings must control over the findings of the jury. F. Meyer Boot & Shoe Co. v. C. Shenkberg Co., 11 S. D. 620, 80 N. W. 126; Reichelt v. Perry, 15 S. D. 601, 91 N. W. 459; First National Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Niles v. Lee, 31 S. D. 234, 14 N. W. 259; Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343; Massey v.

Fralish, 37 S. D. 91, 156 N. W. 791; Lounsberry v. Kelly, 32 S. D. 160, 142 N. W. 180.

■ Appellant's second assignment pertains to the reading of the deposition of one Spurling, agent for the company in obtaining the contract. It is claimed this deposition was taken without notice. The record does not affirmatively show this to be a fact. In the absence of an affirmative showing, we must presume the court ruled correctly.

■■ The third assignment is that the court erred in denying defendant's motion to dismiss the action upon the ground that the complaint did not state a cause of action. If the complaint did not state a cause of action it should have been reached by a demurrer and not by motion to dismiss. The court did not err in denying the motion. But treating the motion as a demurrer appellant does not give any reason why, or show in what respect, he deems the complaint is insufficient. He assumes the contract is one of agency revocable at any time. With this we cannot agree

■ The remaining two assignments pertain to the sufficiency of the evidence to support the findings of the court. As to the finding that defendant ratified the contract, appellant says there is no evidence of ratification. We are not satisfied that there is. But the finding was superfluous, for the court found point blank that there was no fraud. A valid contract does not need to be ratified.

■■ As to the finding that there was no fraud, appellant contends the defendant's testimony corroborated by two witnesses shows that the contract was obtained by false and fraudulent representations of respondent's agent, Spurling, and that there is no evidence to dispute it except the deposition of Spurling, which was taken without notice to the defendant. The assignment pertaining to the admission in evidence of the deposition has already been considered. With the deposition there is a conflict of evidence. We cannot say the evidence preponderates against the finding of the learned trial court and his finding must stand. There is another reason why the finding should not be disturbed. Fraud is not presumed but must be proven. The court was not bound to believe there was fraud from defendant's testimony corroborated though it was, for there is so little in his testimony from which fraud can be inferred and so many acts of the defendant and surround-

ing circumstances that the court might well believe there was no fraud, without giving any consideration to the deposition.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., deeming himself disqualified, not sitting.