[File No. 7192]

SOLOMENA ZIMMERMAN, and John F. Schneider, Administrator of the Estate of Gottlieb Zimmerman, deceased, Respondents v. EMMA KITZAN, Hilda Kitzan Heinle, Walter Kitzan, Florence Kitzan Metzger, Christ Kitzan, Appellants.

(43 NW2d 822)

Opinion filed August 26, 1950 .

*Milton K. Higgins,* for appellants.

*Murray & Murray,* for respondents.

CHRISTIANSON, J. This is an appeal by the defendants from an order for a new trial in an equitable action in which the jury had returned a verdict favorable to the defendants. The record presented on this appeal is quite meager. It does not contain the pleadings, the court's instructions to the jury, or the verdict. It does not show what issues were involved or the subject matter of the action; but in a memorandum decision on plaintiffs' motion for a new trial the court states that a jury was impaneled to try the case and that the jury returned an advisory verdict. On the oral argument it was admitted by counsel that the case was one properly triable to the court and that the verdict of the jury was advisory. It appears from the affidavit of plaintiffs' counsel submitted in support of the motion for a new trial that after the return of the verdict the trial court in a memorandum which was transmitted to counsel for the respective parties announced that he would decide the case in favor of the defendants. The memorandum is not a part of the record so we have no means of knowing its contents. It appears from the affidavit of plaintiffs' counsel that immediately after he received notice of the court's announcement and about two days after the memorandum was made he ordered from the official court reporter a transcript of the proceedings had and

testimony taken at the trial and arranged with the reporter for such transcript. That thereafter he wrote to the court reporter time and again asking for the transcript but received no reply, that later he received a letter from the reporter that the transcript would be prepared as soon as possible. It is further stated in the affidavit that affiant has been informed and believes that at the time of the trial the court reporter was ill and physically unable to make complete or correct shorthand notes of the testimony given at the trial and that he has been informed and believes that said court reporter has been ill ever since the trial and by reason thereof is physically and mentally unable to make a transcript of the testimony and proceedings, that affiant has communicated these facts to the trial judge and believes that the judge is unable to cause said court reporter to make a transcript. That affiant is informed by the judge that said court reporter has resigned and that another court reporter has been appointed in his place; that affiant verily believes that the present court reporter can not make a transcript of the shorthand notes made by his predecessor and could in no event certify as to the correctness of the notes as to the proceedings had; that the plaintiffs and their counsel have exercised due diligence and in good faith exercised every possible means to procure a transcript and without any fault or negligence on their part are unable to procure a transcript; that by reason thereof the plaintiffs will be unable to appeal from any judgment that may be rendered against them and will be deprived of their constitutional right of having such judgment reviewed by the supreme court of this state. In such affidavit it is further stated that no findings of fact or conclusions of law have been filed with the clerk of the district court and that no judgment has been entered in the case. Plaintiffs asked that the court order a new trial forthwith so that the case may be retried, the testimony taken and the plaintiffs afforded an opportunity to procure a transcript of the testimony and, thus be enabled to have any decision that may be rendered reviewed by the supreme court. In the motion for a new trial it is stated that the motion is made upon the affidavit of plaintiffs' counsel

and upon all the records and files in the action including the minutes of. the court and upon the ground specified in NDRC 1943, 28–1902, subdivision 8:

"Loss or destruction, without fault on the part of the party aggrieved, of the official shorthand minutes taken at the trial containing the testimony offered and the instructions of the court when given orally to the jury, or either, before a transcript thereof has been made."

There was also submitted in support of the motion an affidavit by the court reporter who took the shorthand notes of the proceedings had. In such affidavit it is stated:

"That at the time and during the trial of the above entitled action at Mandan, North Dakota, this affiant was ill; that he was suffering severely with his eyes; that it was difficult during said trial for this affiant to see his notes; that consequently this affiant believes that he might not have taken down all of the testimony and proceedings in the case completely and correctly; that ever since said trial and at the present time he has been ill and still is ill, and especially having serious trouble with his eyes, and that at all times since said trial this affiant has been unable to correctly and completely interpret and read his shorthand notes taken at the trial of the above entitled action; and that at all times since said trial this affiant has been unable and still is unable to make a correct and complete transcript of the evidence and proceedings introduced and had in the trial of the above entitled action; that this affiant verily believes that he never will be able to make a correct and complete transcript, or any kind of a transcript of the evidence and proceedings in the above entitled action.

"That shortly after the court rendered its decision in said case, namely, in the spring of 1948, J. K. Murray, attorney for the plaintiffs, ordered a transcript of the testimony and proceedings in said action, and personally guaranteed this affiant's fees for making same, and asked this affiant how much he wanted paid down as a deposit for such transcript; that on divers and several occasions since, this affiant has received from the said J. K. Murray letters demanding a quick preparation

of said transcript; that on divers occasions since said trial this affiant has done his best to try and make a transcript of said evidence and proceedings, pursuant to said demands, but has been and still is physically unable to make said transcript on account of his severe illness and bad eyesight; that this affiant on divers occasions since said trial has attempted to make said transcript, but was and is unable to do so.

"That this affiant ever since said trial has been undergoing treatment for his eyes; that he is now in the city of Bismarck under the medical care of the Quain & Ramstad Clinic, especially the eye specialist, namely, Dr. Rosenberger, of said clinic; that this affiant doesn't know how long he will be required to undergo such treatment; that this affiant verily believes that even though he regains his eyesight and health, he never will be able to prepare a correct and complete transcript of the evidence and proceedings in the above entitled action, especially by reason of the fact that he was physically unable on account of his eyes at the time of the trial to correctly and completely take down all the evidence and proceedings in shorthand."

No counter affidavits were submitted. The trial court after due consideration filed a memorandum decision wherein he announced that he had reached the conclusion that a new trial should be granted. In such memorandum decision the court stated that at the trial of the action a jury was impaneled and sworn in the case and that the jury returned an advisory verdict; that thereafter the court prepared and submitted a "Memorandum of Opinion, adverse to plaintiffs' cause" and that the plaintiffs being aggrieved intended to appeal to the supreme court; that a motion for a new trial has been made upon the ground that the official court reporter who took the testimony at the trial of the action has refused or is unable to furnish a transcript of the testimony and the proceedings had at the trial. Reference is made to the facts as shown by the affidavits and particularly by the affidavit of the court reporter as to reporter's inability to prepare a transcript and the reasons for such inability. The court stated that from the showing made the "Court is satisfied that an honest effort on her (plaintiffs) part has been made to perfect a record which would

enable her to obtain a review of the case in the Supreme Court." The court further said:

"The Statute, Sec. 28–1902 NDRC 1943, does not specifically designate the inability of the Court Stenographer to furnish a transcript of the testimony as a ground for new trial. The wording of the statute is, 'Loss or destruction, without fault on the part of the party aggrieved, of the official short hand minutes . . . before a transcript thereof has been made.' There is no claim nor proof submitted to show that the minutes have been lost or destroyed. The fact is that a transcript cannot be had. This is not the fault of the plaintiff.

"The application for new trial does not find support in a strict construction of the words of the statute. If the words of the statute are strictly construed and thus applied to the instant case, the motion should be denied. In such case the plaintiff may be deprived of a valuable and constitutional right to her injury.

"Whether the reporter's minutes are lost or destroyed, or whether the reporter is unable to prepare a transcript thereof is of equal concern to the plaintiff.

"It is the opinion of the Court that the Legislative intent was to provide a remedy to an innocent litigant."

In conformity with the memorandum decision the court signed and filed a formal written order ordering a new trial and directing that the case be placed on the calendar for retrial at the term of the court which convened on that day. Thereafter the defendants appealed from such order.

Appellants specify error as follows:

"1. The trial court had no authority or jurisdiction to entertain or to grant the said motion because notice thereof was not made until long after the expiration of 6 months from the rendition of the verdict in the said action and before the entry of any judgment of the court thereon if the verdict is not controlling as advisory only.

"2. The plaintiffs entirely failed to prove any ground for a new trial as set forth in Sec. 28–1902 R.C. 1943."

The specifications are predicated on an erroneous premise. They overlook the character and effect of the verdict and the

state of the trial at the time the court made the order for a new trial.

There are fundamental differences between a general verdict in an action properly triable to a jury as a matter of right, and a verdict in an action properly triable to the court without a jury but where issues of fact have been submitted to a jury for determination.

"A general verdict in an action at law is the final declaration by the jury as to the truth of the matters submitted to their determination and at issue between the parties." It is the basis for the order for judgment signed by the presiding judge, (NDRC 1943, 28–2001; Dibble v. Hanson, 17 ND 21, 114 NW 371), "and the foundation for the judgment." Fidelity & C. Co. v. Huse & Carlston, Mass, 172 NE 590, 72 ALR 1143, 1149. Such verdict is conclusive upon the parties and the court as to the facts found and determined thereby unless and until it is set aside in some legal way. 64 CJ Sec 910, p 1107; 24 Cal Jur, Sec 138, p 890.

In actions "in which the parties are not entitled as a matter of right to have the issues of fact submitted to the jury, it has been held almost uniformly that the verdict or findings of a jury on special issues of fact submitted to them for their determination is not binding on the court, but is advisory only." 64 CJ 1197; 19 Am Jur, Sec 404, p 277. That is the rule that prevails in this state and in South Dakota. Prondzinski v. Garbutt, 8 ND 191, 77 NW 1012; Peckham v. Van Bergen, 8 ND 595, 80 NW 760; Emery v. First National Bank, 32 ND 575, 156 NW 105; Byrne v. McKeachie, 29 S Dak 476, 137 NW 343; Thomas v. Ryan et al, 24 S Dak 71, 123 NW 68; S. Dak. Wheat Growers Ass'n v. Sieler, 57 S Dak 101, 230 NW 805; Central Loan and Investment Co. v. Loiseau, 59 S Dak 255, 239 NW 487.

"In the action at law the court is bound by the verdict."

"In the equity suit the court is not bound by the verdict of the jury, but may adopt or reject the same." Byrne v. McKeachie, supra.

Whether in an equitable action questions of fact shall be

submitted to a jury for an advisory verdict and what questions shall be so submitted is a matter resting wholly within the discretion of the trial court. Apland et al v. Pott, 16 S Dak 185, 92 NW 19; Danielson v. Gude, 11 Colo 87, 96, 17 Pac 283, 287; 64 CJ Sec 988, p 1192–1193, Sec 993, p 1194.

"While, as already shown, the court may submit issues of fact to the jury, in equitable actions or other actions in which a jury trial is not a matter of right, it is very generally held that it is solely a matter within its discretion whether or not it shall do so, unless it is otherwise provided by organic law or statute. Even after a jury have been called, it may refuse to submit issues to the jury if it is then of the opinion that such submission is unnecessary, it may discharge the jury at the close of the evidence or at any other stage of the proceedings, and make its own findings, or render such judgment as the facts warrant; or it may withdraw issues submitted to a jury before they have been determined and itself determine the issues, or determine the case on an issue not submitted to the jury." 64 CJ, Sec 988, p 1192–1193.

An advisory verdict returned in an equity action is not conclusive or binding upon the court and does not constitute the foundation for the judgment. The judge is required to determine the facts for himself, and the decision of the trial court constitutes the foundation for the judgment. In short, an advisory verdict is precisely what the term implies—it is advisory only. While such verdict is entitled to due consideration, it is "nevertheless the duty of the court to consider all the evidence and ultimately to determine for itself all the questions of fact as well as of law, and render a decision which must be the result of the court's own judgment, the findings or verdict at most being only evidence for the information of the court. The mind to be convinced is, after all, the mind not of the jury, but of the court." 64 CJ p 1198.

"The court may adopt the verdict or findings in whole or in part, or modify them, or disregard them altogether. If the court, for any reason, is dissatisfied with the verdict or findings, it may set them aside and order a new trial. But it is not

bound to order a new trial, or a mistrial, since the verdict of a jury is merely advisory, but may make findings of its own according to its own judgment and enter a judgment in accordance with its own determination, as though the trial had taken place without a jury." 64 CJ p 1199.

In Prondzinski v. Garbutt, supra, this court said:

"Having reached the conclusion that the facts of this case make it one solely of equitable cognizance, the duty then fell upon the trial judge to find the facts himself. The verdict of a jury or findings of a referee would be simply advisory, and entirely subject to his control. See Rev. Codes, Sections 5420, 5460; also, Lawson, Rights, Rem. & Prac. Sec 3414. In Milk v. Moore, 39 Ill 584, the Court said: 'The chancellor is the sole judge of the evidence and its weight; and even when he directs an issue of fact to be tried by a jury, to inform his conscience, he may adopt the verdict of the jury, or he may disregard it and render a decree against their finding, or he may grant a new trial, as he may believe justice demands.' The action of the trial judge in setting aside the verdict and granting a new trial was therefore merely the exercise of an inherent authority of an equity court." 8 ND at pp 196, 197.

It is an established rule in dealing with advisory verdicts in equity cases that no decree or judgment should be rendered directly upon the verdict itself, as in an action at law, but that the court should make its own findings of fact as a basis for the decree or judgment. Anno:—156 ALR 1171; 64 CJ p 1200, Sec 1004; Prondzinski v. Garbutt, supra; Byrne v. McKeachie, supra; S. Dak. Wheat Growers' Association v. Sieler, supra; Central Loan and Investment Company v. Loiseau, supra.

Corpus Juris says:

"It is well settled that it is error to render judgment simply on the verdict of a jury, which, as already shown, is advisory only. The judgment must be the result of the conclusions of the judge both on the law and the facts. The verdict does not relieve the court of the necessity of making findings of fact as a basis for the judgment, especially where only part of the material issues made by the pleadings are submitted to the

jury; and this is so whether either party specifically demand findings or not." 64 CJ p 1200.

S. Dak. Wheat Growers' Association v. Sieler, supra, was an equitable action. The trial court submitted certain questions of fact to a jury. On receipt of the special verdict which was adverse to the plaintiff, the plaintiff moved for judgment notwithstanding the verdict which the court granted. Thereafter the court made findings of fact and conclusions of law and entered judgment for the plaintiff. The defendant appealed from the judgment and from an order denying a new trial. In the Supreme Court the defendant contended that the court erred in granting plaintiff's motion for judgment notwithstanding the verdict because there was sufficient evidence to support the verdict. In disposing of this contention the court said:

"Appellant apparently overlooks the form of this action. This is an action in equity and the court had no power to render judgment on the verdict. The motion was unnecessary. The verdict was advisory only. It might be adopted or rejected by the court as he believed the evidence warranted, and the responsibility was on him to find the facts truly as he believed them to be. Appellant's argument and citations are applicable to jury cases and not to cases triable to the court without a jury. In such cases the facts are for the court to decide and his findings must control over the findings of the jury." (8 S Dak 103, 230 NW 806.)

The laws of this state (NDRC 1943), relating to new trials provide:—

28–1901. A new trial is a reexamination of an issue of fact in the same court, after a trial and decision by a jury or court or by a referee.

28–1902. The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party: . . .

28–1903. A motion for a new trial must be made within the following time after the return of the verdict or rendition of the decision:— . . ."

These statutory provisions relate to the reexamination of an issue of fact that has been tried and decided. In this case the issues had not been decided, but remained pending before the court for decision. An advisory verdict in an equitable action does not end the trial.

"The verdict of the jury does not end the trial, and the final completion thereof must be established by a decision of the court. The court must apply the law to the facts found." 30 CJS Equity, p 903 Sec 509. 21 CJ, p 594 Sec 734.

In McClave v. Gibb, 157 NY 413, 52 NE 186, the court said:

"Where a party is entitled by the Constitution, or by express provisions of law, to a trial by jury, of one or more issues of fact, the finding of the jury is conclusive in the action, unless the verdict is set aside or a new trial is granted; but where the party is not entitled, as of right, to a trial by jury, the verdict is not conclusive upon the parties and the trial court may adopt it, modify it or disregard it and find the facts anew. In the latter class of cases the verdict is treated as an aid to the court to inform its conscience, but it is in no wise bound thereby, for the responsibility of determining the facts rests upon the trial judge, and our Code has not changed the rule in this respect." . . . It (the trial of the issues before a jury in an equitable action) is not a trial where the issues of fact or of law are finally determined. Those questions, as we have seen, must be determined by the trial court, the judge making use of the evidence taken before the jury, or upon commission, together with the findings of the jury, to inform his conscience as to the facts. In this respect, where a trial by jury is not required by the Constitution or by express provisions of statute, the verdict is treated as evidence in the case, having no binding force or other effect upon the determination of the trial judge."

In this case the jury had returned an advisory verdict and it was incumbent upon the trial court to render a decision in the case. The announcement which he had made in his memorandum, of course, did not constitute a decision in the eyes of the law. It stood on the same footing as a similar oral an-

nouncement would have had. It is the settled law in this state that, "it is the filing of signed findings and conclusions and order for judgment that constitute the final decision, which is effective only from the date of filing, and which is not made until deposited with the clerk for filing." Crane v. First National Bank, 26 ND 268, 144 NW 96; Boyd v. Lemmon, 49 ND 64, 189 NW 681.

In Crane v. First National Bank, supra, this court said:

"The decision must be in writing and filed with the clerk in advance of and as a basis for the clerical duty of entering judgment. The filing is made by statute a necessary step or requisite in the decision, as much so as it is that it shall be in writing and shall consist of findings and conclusions. . . . Until so filed no final decision has been made. In the language of Comstock Quicksilver Min. Co. v. Superior Ct. 57 Cal 625: 'It was not the signing but filing of the findings and order for judgment that determined the action.' And again: 'The cause was not determined until the findings and order for judgment were filed with the clerk.' . . . 'It is not the signing, but the filing of the findings, that determines the action.' . . . 'Until a decision of the court has been entered in the minutes or reduced to writing by the judge, and signed by him and filed with the clerk, a case has not been tried.' Measured by this rule the trial of this case has never been completed. . . . 'It seems to us clear that the decree did not take effect until it was regularly filed, or entered of record. Until it left the possession of the judge of the court, he could change it in any and all particulars; he could add to it or limit or reverse it. By the oral decision he had only announced his opinion; that opinion did not take the form of an authoritative decree until it had been filed with the clerk and thus became a matter of record. Until then it was not binding upon anyone.' . . . 'The cause, therefore, is not decided until written findings are filed;' and 'the mere signing of the findings does not amount to a decision.' . . . We conclude that the filing of findings, conclusions, and order for judgment is a necessary part, and the final act in the rendition of a decision."

In this case the jury had returned an advisory verdict and the case was pending before the trial judge for decision. While the case was so pending there was presented to the trial court an application by the plaintiff asking that a new trial be ordered. As a part of such application affidavits were submitted to the effect that owing to the illness and impaired vision of the court reporter his shorthand notes of the testimony and proceedings at the trial probably were not correct, and that owing to his illness it would be impossible for him to prepare an accurate transcript of the proceedings had and the evidence adduced in the course of the trial, and that this probably would prevent the plaintiffs from obtaining a review in the Supreme Court, if a decision were rendered adverse to the plaintiffs. The facts thus presented are quite similar to those which the Supreme Court of Nebraska and this court have held would constitute a basis for an equitable action to procure a new trial. Curran v. Wilcox, 10 Neb 449, 6 NW 762; Bruegger v. Cartier, 20 ND 72, 126 NW 491.

In the "memorandum opinion" the trial court pointed out that under the laws of this state (NDRC 1943, 28–1902) "Loss or destruction, without fault on the part of the party aggrieved, of the official shorthand minutes . . . before a transcript thereof has been made" is a ground for a new trial, but that the proof does not show that the shorthand minutes have been lost or destroyed, and that hence "the application for new trial does not find support in a strict construction of the words of the statute." The trial judge further stated:

"The fact is that a transcript cannot be had. This is not the fault of the plaintiff. . . . Whether the reporter's minutes are lost or destroyed, or whether the reporter is unable to prepare a transcript thereof is of equal concern to the plaintiff."

As has been pointed out, whether in an equitable action questions of fact shall be submitted to the jury for an advisory verdict and if so what facts shall be so submitted are matters resting wholly within the discretion of the trial court and any verdict the jury may return "is merely advisory and not binding on the court, which may accept it, or reject it and decide

the issues itself or grant a new trial." 30 CJS page 904, section 510. Prondzinski v. Garbutt, supra; 19 Am Jur page 277, section 404; 53 Am Jur pages 780–781, section 1124. See also Farnsworth v. Whiting, 106 Me 430, 76 Atl 909; Colie v. Tifft, 47 NY 119; Randall v. Randall, 114 NY 499, 21 NE 1020.

It naturally follows that where an advisory verdict has been returned the trial court has a broad discretion in determining whether a new trial should or should not be had. Anno. 156 ALR pages 1161–1162. In Johnson v. Harmon, 94 US 371, 24 L Ed 271, the Supreme Court of the United States in considering a judge's discretion in this respect said:

"If he thinks the trial has not been a fair one, or for any other reason desires a new trial, it is in his discretion to order it."

The Supreme Court of Illinois has said in effect that the court may order retrials until its conscience is satisfied. Williams v. Bischoff, 15 Ill 553; Waddams v. Humphrey, 22 Ill 661. At the time the motion for a new trial in this case was noticed and heard, the case was pending before the trial court for decision. The court might have accepted the verdict or rejected it. He might have accepted the findings of the jury in part and given them a limited effect, or rejected them altogether and decided to the contrary. He might have ordered that the case be tried anew and heard the cause himself or directed that a certain issue or issues of fact be submitted to a jury. While the case was so pending and undetermined the plaintiff made a motion for a new trial wherein he called the attention of the trial court to a situation which had arisen by reason of the illness and impaired vision of the court reporter.

The motion for a new trial did not enlarge or restrict the power of the court to render decision in the case. The court might have ordered a new trial as his decision, even though no motion had been made for a new trial, or if he had denied the motion as premature or not available under NDRC 1943, Chapter 28–19, relating to new trials. 30 CJS page 904, section 510, page 908, section 511 b; Prondzinski v. Garbutt, supra; 21 CJ pages 597–598, sections 737–738; 46 CJ page 61, section 8; 19 Am Jur page 277, section 404; 53 Am Jur pages 780–781,

section 1124; Anno 156 ALR pages 1161–1162; Farnsworth v. Whiting, supra; Colie v. Tifft, supra; Randall v. Randall, supra; Johnson v. Harmon, supra. See also Ellis v. Ginsburg, 163 Mass 143, 39 NE 800; 39 Am Jur page 34, sections 4, 5, page 37, section 9.

The application for a new trial did, however, call to the court's attention the situation disclosed by the affidavits of plaintiffs' attorney and the court reporter. It disclosed that because of the illness and impaired vision of the reporter there was at least a grave doubt whether there had been compliance by the reporter with the provisions of the law relating to court reporters in taking in shorthand all the testimony given orally by witnesses, all objections and rulings thereon, and the other proceedings had upon the trial, and whether it would be possible for the reporter to prepare and certify a correct transcript of the proceedings had and the testimony given upon the trial as required by the law. NDRC 1943, 27–0601, 27–0603, 27–0604, 27–0605, 27–0607. The situation disclosed by the affidavits in any event indicated that it would be difficult to have a transcript of the proceedings had and the testimony given at the trial prepared and certified, and that in all likelihood difficulty and controversy would arise with respect to settlement of the statement of the case. With this information before him the trial court clearly might reasonably reach the conclusion that the ends of justice would be best served if the case were retried. We do not know the scope of the trial or how many witnesses testified. We do not know what questions were in controversy or what issues were submitted to the jury. We do know that the judge in the exercise of his discretion decided to have certain questions of fact submitted to a jury and that such jury returned an advisory verdict. We know that while the case was pending before the court for determination the court's attention was called to the situation that likely would arise if a decision were rendered and the party adversely affected sought to have the decision reviewed on appeal. The trial judge heard the testimony. He knew the number of witnesses who had testified and the character and purport of the testimony. He was familiar

494·

with all the incidents of the trial. He knew the court reporter. He was of the mind that the plaintiff had exercised due diligence and used every reasonable effort to obtain a transcript of the proceedings and of the testimony adduced upon the trial, and that he had been and probably would be unable to obtain such transcript. And as is disclosed by the judge's memorandum decision the trial judge was also of the mind that the conditions shown to exist required that a new trial be had and he so ordered.

The court was sitting as a court of equity. The judge had before him not only the motion for a new trial, he had before him for decision the equitable action in which such motion had been made. In rendering decision the court might grant a new trial if he believed that justice so demanded. Ordering a new trial was merely the exercise of the inherent authority of an equity court. Prondzinski v. Garbutt, supra.

The order appealed from is affirmed.

NUESSLE, C. J., and GRIMSON, MORRIS, and BURKE, JJ., concur.