**Gerald FREDERICK, Plaintiff and Appellee,**

v.

**Ted KUBISIAK and Helen Kubisiak, d/b/a Ranger Cafe, Defendants and Appellants.**

Civ. No. 10103.

Supreme Court of North Dakota.

March 18, 1982.

Ronald Schwartz, Hebron, for plaintiff and appellee.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendants and appellants; argued by Gary R. Wolberg, Bismarck.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, amicus curiae,

North Dakota Shorthand Court Reporters Ass'n; argued by David L. Peterson, Bismarck.

PEDERSON, Justice.

The Kubisiaks appeal from a judgment and from an order denying their motion for new trial. We affirm the judgment and dismiss the appeal from the denial of motion for new trial. The judgment awarded Frederick possession of a portion of a building in which the Kubisiaks had operated a restaurant as tenants of Frederick's predecessor in ownership of the building.

When Frederick purchased the building in October or November of 1980, the Kubisiaks were hold-over tenants, their lease having expired on May 31, 1980. When the Kubisiaks failed to voluntarily surrender possession, Frederick brought an action for forcible detainer in the Stark County Court With Increased Jurisdiction. *See* §§ 33–08–12 and 47–17–05, NDCC. The suit was tried to the court without a jury. Findings of fact and conclusions of law were prepared as required by Rule 52(a), NDRCivP.

Before reaching the merits of the appeal, we must address Frederick's motion in this court to dismiss the appeal. He contends that the motion for new trial and the notice of appeal were not timely filed.

■ Timeliness of an appeal to this court is determined pursuant to Rule 4, NDRAppP. It provides that the notice of appeal shall be filed with the clerk of the trial court within 60 days of the date of the service of entry of judgment or order appealed from unless the time is extended by the trial court. In this case there is no showing of service of either entry of judgment or order denying the motion for new trial. In addition, the trial court extended time for appeal to October 8, 1981, and the

Kubisiaks' notice of appeal was filed on October 8, 1981. Because there is no record of service of either entry of judgment or order denying the motion for new trial, the 60-day time limitation contained in Rule 4, NDRAppP, has not yet begun. Therefore, the question of whether or not this motion for a new trial under Rule 59(c), NDRCivP, also extends the time for appeal is moot.

■ However, there remains a viable question as to the timeliness of the motion for new trial—issues raised by an untimely motion for new trial are not reviewable unless otherwise properly preserved on an appeal from the judgment. There is no need for a motion for a new trial in the trial court to preserve for appellate review errors of law occurring at trial. *See* § 28–27–27, NDCC, superseded by Rule 59, NDRCivP, and *Sanford v. Bell*, 2 N.D. 6, 48 N.W. 434 (1891), syllabus 6. It is elementary that on an appeal from a judgment, our scope of review of questions of law is unlimited. On questions of fact in cases tried to the court, we are limited by Rule 52(a), NDRCivP. On appeal from an order denying a motion for a new trial, we apply an abuse-of-discretion standard. *Hoge v. Hoge*, 281 N.W.2d 557 (N.D.1979). We have found no rule, statute, or decision by this court clearly describing our scope of review when confronted with an appeal from a judgment and from the denial of motion for new trial grounded upon Rule 59(b)(7), NDRCivP. Even though logic may lead us to conclude that the timely motion for new trial based upon a point of law results in a shift of appellate scope of review from "unlimited" to "abuse of discretion," we need not address the question here where there was no timely motion for new trial. The motion for new trial was not made within the time prescribed by Rule 59(c), NDRCivP.[1]

---

1. The motion for a new trial should have been made within 60 days of the "rendition of the decision." Rule 59(c), NDRCivP. Prior to adoption of the rule, that identical language was used in § 28–1903, North Dakota Revised Code of 1943. In *Zimmerman v. Kitzan*, 77 N.D. 477, 43 N.W.2d 822 (1950), this court said that "we conclude that the filing of findings,

conclusions, and order for judgment is a necessary part, and the final act in the rendition of a decision." In the instant case the trial court orally, on December 17, 1980, at the end of the trial, in the presence of all parties and counsel, pronounced the results. Written findings, conclusions and order for judgment were signed and filed on December 18, 1980. The motion

■ The only issue raised by the motion was an alleged error of law—the failure to preserve a record of the proceedings.[2] That issue, if properly raised in the trial court, would have been preserved for appellate review of the judgment, without necessitating a motion for new trial. In this instance, however, the only issue, apart from the argument presented on the denial of new trial, was: "The judgment is contrary to the law and the evidence and must be reversed."

When the Kubisiaks caused to be filed with this court an apparently complete and concededly accurate transcript of the proceedings certified by the judge who heard the case, it made their argument that no record of the proceedings was preserved frivolous. "When the reason of a rule ceases so should the rule itself." Section 31–11–05(1), NDCC; *Nelson v. Ecklund*, 68 N.D. 724, 283 N.W. 273, 275 (1938). *See* Rule 59(b)(8), NDRCivP.

Supported by amicus curiae, the Kubisiaks argue that the Legislature has determined that a shorthand reporter shall prepare the notes from which the transcript is prepared. Section 27–06–01, NDCC, requires a district court judge to appoint a shorthand reporter to the office of court reporter, and §§ 27–06–03, 27–06–04 and 11–17–09, NDCC, all imply that shorthand recording must be the method used in the district courts of this state to preserve the record of testimony. By way of analogy, the Kubisiaks then rationalize that § 27–08–24, NDCC, requires similar recording in the county courts with increased jurisdiction.

■ Although § 27–08–24 contains some ambiguous language, in subdivision (11) it clearly establishes that shorthand notes are not among the records or papers required to be kept by the county court with increased jurisdiction. In 1979, when the Legislature made it mandatory that district courts appoint shorthand reporters, § 27–06–03, NDCC, it left the appointment of court reporters discretionary in the county court with increased jurisdiction.

■■ We conclude that there is no error at law when a court, other than a district court, uses a tape recorder in lieu of a shorthand court reporter to preserve a record of testimony and proceedings. Shorthand reporters also may use tape recorders if they like, as does this court. New trials are awarded under Rule 59(b)(8) on the basis of the inability to obtain a transcript. They are not awarded for reasons that have no bearing on the party's ability to obtain an adequate transcript.

■ On the appeal from the judgment the Kubisiaks make no claim that any of the findings of fact are clearly erroneous. We accordingly presume they are correct. *See Alumni Ass'n of Univ. v. Hart Agency, Inc.*, 283 N.W.2d 119, 121 (N.D.1979). Although it is labeled Conclusion of Law # 2, the trial court found as a fact that the parties agreed to terminate the lease on December 1, 1980. It is not clearly erroneous.

■ The presumption that the parties have renewed the expired lease for a term of one year by the payment and acceptance of rents has no application. *See* § 47–16–06, NDCC. The judgment is not contrary to law.

The appeal from the order denying new trial is dismissed and the judgment is affirmed. Although no costs are allowed on the motion to dismiss, Frederick is entitled to costs on the appeal from the judgment.

SAND, J., concurs.

for new trial was dated and filed February 17, 1981. This is 62 days after oral pronouncement of the results of the trial and 61 days after the filing of the written decision. No effort was made to obtain an extension of time for good cause pursuant to Rule 59(c)(2), NDRCivP. The Kubisiaks retained their present counsel sometime after the appeal had been taken.

2. Causes for new trial include: "When without fault or negligence on the part of the party aggrieved, such party is unable to obtain or secure a correct and complete transcript of the testimony and instructions given and proceedings had at the trial." Rule 59(b)(8), NDRCivP.

VANDE WALLE, Justice, concurring specially.

I concur in the result reached by Justice Pederson in the majority opinion. Insofar as the majority opinion may imply that Rule 59(c), N.D.R.Civ.P., establishes an absolute time within which a motion for new trial may be made, regardless of whether or not the movant has knowledge of the rendition of the decision, I disavow that holding. Rule 59(c) provides:

"(c) *Time for Motion for New Trial.* A motion for a new trial must be made within the following time after the return of the verdict or rendition of the decision:

"1. Upon the ground of newly discovered evidence, within 6 months; and

"2. Upon any other ground, within 60 days, unless the court, for good cause shown, shall extend the time."

 In this instance there was no jury trial. As Justice Pederson has noted in footnote No. 1, in *Zimmerman v. Kitzan,* 77 N.D. 477, 43 N.W.2d 822 (1950), this court determined that the filing of findings, conclusions, and order for judgment is a necessary part and the final act in the rendition of the decision. There is no indication that the Kubisiaks were aware that findings, conclusions, and an order had been filed. There are no affidavits of mailing or of service to so indicate. I do not believe that we should interpret the rule to mean that the time in which to file a motion for new trial expires regardless of whether or not the movant has knowledge that a decision has been rendered as defined in *Zimmerman.*

ERICKSTAD, C. J., and PAULSON, J., concur.