In the Matter of the ESTATE OF J.V. KLEIN, a/k/a John V. Klein, Deceased.

John V. KLEIN, Jr. and Gladys Berger, Petitioners and Appellants,

v.

George H. KLEIN and Donna Mae Klein, Respondents and Appellees.

Civ. No. 880138.

Supreme Court of North Dakota.

Jan. 9, 1989.

Peterson Law Office, Beach, and Tipp, Frizzell & Buley, P.O. Box 3778, Missoula, Mont., for petitioners and appellants, argued by Thomas W. Frizzell. Appearance by Jon F. Kroke.

Howe, Hardy, Galloway & Maus, Dickinson, for respondents and appellees, argued by Albert J. Hardy.

MESCHKE, Justice.

John V. Klein, Jr., (John) and Gladys Berger appealed from a county court judgment construing the will of John V. Klein, Sr., (J.V.) and ordering distribution of J.V.'s estate. We affirm.

The relevant part of J.V.'s will said:

*"I give, devise, and bequeath All [sic] of my property,* whether real, personal and mixed, of whatsoever nature or wheresoever located, in the State of North Dakota, and in compliance with deeds on record in the Register of Deeds Office in any County in North Dakota, to be bequeath [sic] *in the name of my son, George H. Klein and his wife, Donna Mae Klein, to be theirs and in their*

*name only, for the rest of their lives, or in the event of the death of either George H. Klein or Donna Mae Klein, then that interest shall be passed on to their children,* namely, Ronald Klein and JoAnn Lowman, in equal interests.

"In making this Last Will and Testament, I have overlooked none who is to inherit my property at the time of my death, however, in case anyone whosoever contest or contests this Will, will be forever debarred from having any interest in my Will or in my property, whether real, personal and mixed." [Emphasis added.]

John, Gladys, and George were J.V.'s children. Donna was George's wife.

The trial court concluded that the will was ambiguous about the extent of the interest in J.V.'s property that George and Donna were to receive. After considering extrinsic evidence, the trial court concluded that it was J.V.'s intent to leave all of his property to George and Donna "in fee simple, as tenants in common." Only John and Gladys appealed; Ronald Klein and JoAnn Lowman did not.

On appeal John and Gladys asserted that the trial court erred in construing the will. They argued that George and Donna received only a life estate in J.V.'s property under the will and that upon their deaths the remainder would be inherited by J.V.'s heirs under the laws of intestate succession.

■■■ Whether a will is ambiguous is a question of law for the court to decide. *In Re Estate of Johnson,* 214 N.W.2d 112 (N.D.1973). A will provision is ambiguous if there is more than one reasonable interpretation of it. *In Re Tonneson's Estate,* 136 N.W.2d 823 (N.D.1965).

The extent of the interest devised to George and Donna is not clearly described by the language of the will. The phrase "for the rest of their lives" could reasonably be, and ordinarily would be, construed as giving George and Donna a life estate. However, there are other aspects of this will that make J.V.'s intent unclear.

First, the will does not clearly attempt to give a remainder interest upon expiration of a life estate. Rather, the "in-the-event" gift to Ronald and JoAnn can be regarded as an alternative disposition to prevent lapse of either part of the disposition to George and Donna. Second, following the language of devise to George and Donna, the will says "in the event of the death of either George H. Klein or Donna Mae Klein, then *that interest* shall be passed on to their children, ..." [Emphasis added.] If J.V. intended to give only a life estate to George and Donna, there would be no *interest* to be passed to the children if George and Donna predeceased J.V. These different possibilities show the correctness of the trial court's conclusion that J.V.'s will was ambiguous.

■■■ The purpose of construing a will is to ascertain the intent of the testator. Where the language is ambiguous extrinsic evidence can be used to clear up the ambiguity. *Quandee v. Skene,* 321 N.W.2d 91 (N.D.1982). A trial court's finding about the testator's intent will not be set aside unless it is clearly erroneous. *Schatz v. Schatz,* 419 N.W.2d 903 (N.D.1988); *McGuire v. Gaffney,* 314 N.W.2d 851 (N.D. 1982).

■■■ Marian Schatz, who held the positions of register of deeds, clerk of court, and magistrate, typed J.V.'s will at his request as he orally told her his wishes. She testified about what J.V. said to her while she was typing the will:

"MR. HARDY: Marian, did you ask Mr. Klein what he wanted in the Will?

"MARIAN: No, because he was already telling me and he was very specific. He wanted George and Donna to have his property.

\* \* \* \* \* \*

"MR. HARDY: What did he tell you now? As best you can recall, using his words, Marian.

"MARIAN: He, he says, Gladys and the rest of them have been taken care of, and he says, I only want George and Donna to inherit this."

One can infer from Marian's testimony that J.V. intended to bequeath a fee simple to George and Donna rather than some other restricted interest. In this case, the words "for the rest of their lives" were an unskilled and inartful expression, which did not necessarily qualify the plain direction, "to be theirs and in their name only." The language used in a will, however crudely or inartfully drawn, should be construed, if reasonably possible to accomplish, and not defeat, the testator's intent. *In Re Glavkee's Estate*, 76 N.D. 171, 34 N.W.2d 300 (1948).

In construing a will, there is a strong presumption that its maker intended to dispose of his entire estate and did not intend to die intestate as to any part of his property. *In Re Estate of Bogner*, 184 N.W.2d 718 (N.D.1971). To construe J.V.'s will as devising only a life estate to George and Donna would defeat that presumption.

We are not left with a definite and firm conviction that the trial court made a mistake in finding that J.V. bequeathed a fee simple interest to George and Donna. That finding is not clearly erroneous. Accordingly, we affirm the judgment.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.