2000 ND 59

**In the Matter of the ESTATE OF Verna M. WIRTZ, Deceased.**

**North Dakota Department of Human Services, Claimant and Appellant,**

v.

**Vernon Caroline, as Personal Representative of the Estate of Verna Wirtz, deceased, Respondent and Appellee.**

No. 990275.

Supreme Court of North Dakota.

March 21, 2000.

Blaine L. Nordwall, Special Assistant Attorney General, Bismarck, for claimant and appellant.

Shane C. Goettle of McGee, Hankla, Backes & Dobrovolny, Minot, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] The North Dakota Department of Human Services appeals from the trial court's order denying the department's claim against Verna M. Wirtz's estate for Medicaid benefits paid by the department for the benefit of Clarence Wirtz. We reverse and remand.

[¶ 2] Clarence Wirtz and Verna Wirtz married in 1943. In July 1996, Clarence Wirtz began receiving Medicaid benefits to pay for nursing home care. Clarence Wirtz continued to receive benefits until his death on August 24, 1997. Clarence Wirtz was over age fifty-five and married to Verna Wirtz at all times he received benefits. The parties stipulated Clarence Wirtz received $53,635.83 in benefits. Clarence Wirtz's estate was not probated at his death.

[¶ 3] Verna Wirtz died on September 21, 1998. Vernon Caroline was appointed Personal Representative of the estate. On November 18, 1998, the department filed a claim against Verna Wirtz's estate for $55,-977.93, seeking reimbursement for benefits paid to Clarence Wirtz, plus interest. On January 11, 1999, Caroline denied the claim. On January 22, 1999, the department petitioned the trial court for allowance of the claim. A hearing was held on April 12, 1999. The department argued Verna Wirtz's entire estate was subject to recovery because Clarence Wirtz had a marital or equitable interest in all of her property at his time of death. Caroline moved to dismiss. The trial court denied the department's claim, rendering the motion for dismissal moot. The trial court determined "[n]one of the property in the Verna Wirtz Estate is property Clarence had any legal title or interest in at the time of his death." The department appeals.

[¶ 4] The department argues the trial court erred, as a matter of law, by interpreting 42 U.S.C. § 1396p(b) and N.D.C.C. § 50–24.1–07 as not allowing recovery for past Medicaid benefits paid to Clarence Wirtz from Verna Wirtz's entire estate. The department contends 42 U.S.C. § 1396p(b) allows recovery of equitable interests, a marital estate interest in the surviving spouse's entire estate, a homestead interest, and a legal interest in the surviving spouse's obligation to pay for the Medicaid recipient's medical care as a necessary. Caroline argues the trial court did not err because any asset not transferred by the Medicaid recipient at death to the surviving spouse through joint tenancy, tenancy-in-common, survivorship, life estate, or living trust is not subject to recovery, even if the asset was transferred only hours before the recipient's death. We disagree with both parties' arguments.

[¶ 5] 42 U.S.C. § 1396p(b) limits a state's power to recover Medicaid benefits, providing:

(b) Adjustment or recovery of medical assistance correctly paid under a State plan

(1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:

. . . .

(B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, *the State shall seek adjustment or recovery from the individual's estate,* . . .

. . . .

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any, . . .

. . . .

(4) For purposes of this subsection, the term '*estate*', with respect to a deceased individual -

(A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law; and

(B) *may include,* at the option of the State . . . any other real and personal property and other *assets in which the individual had any legal title or interest at the time of death* (to the extent of such interest), *including such assets conveyed* to a survivor, heir, or assign of the deceased individual *through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.*

*Id.* (emphasis added); *see Estate of Thompson,* 1998 ND 226, 586 N.W.2d 847.

[¶ 6] Section 50–24.1–07, N.D.C.C., using broader language, fully implements 42 U.S.C. § 1396p(b) and provides:

1. On the death of any recipient of medical assistance who was fifty-five years of age or older when the recipient received the assistance, and on the death of the spouse of the deceased recipient, the total amount of medical assistance paid on behalf of the recipient following the recipient's fifty-fifth birthday must be allowed as a preferred claim against the decedent's estate. . . .

2. No claim must be paid during the lifetime of the decedent's surviving spouse, if any, nor while there is a surviving child who is under the age of twenty-one years or is blind or permanently and totally disabled, but no timely filed claim may be disallowed because of the provisions of this section.

[¶ 7] We rely on 42 U.S.C. § 1396p(b) to provide the meaning of N.D.C.C. § 50–24.1–07 because the federal statute limits the situations in which the states can recover Medicaid benefits from the surviving spouse's estate. *Estate of Thompson,* at ¶¶ 8–11; 42 U.S.C. §§ 1396p(b)(1) and 1396a(a)(18). We must, therefore, interpret 42 U.S.C. § 1396p(b) to determine which assets in Verna Wirtz's estate are subject to recovery.

■ [¶ 8] In *Estate of Thompson,* we explained our statutory analysis process. Interpretation of a statute is a question of law, which is fully reviewable by the Court. *Jensen v. North Dakota Workers Comp. Bureau,* 1997 ND 107, ¶ 9, 563 N.W.2d 112.

The primary objective of statutory construction is to ascertain the Legislature's intent. *Effertz v. North Dakota Workers' Comp. Bureau,* 481 N.W.2d 218, 220 (N.D.1992). In ascertaining legislative intent, we look first at the words used in the statute, giving them their ordinary, plain-language meaning. *Shiek v. North Dakota Workers Comp. Bureau,* 1998 ND 139, ¶ 16, 582 N.W.2d 639. We construe statutes as a whole to give effect to each of its provisions, whenever fairly possible. *County of*

*Stutsman v. State Historical Society,* 371 N.W.2d 321, 325 (N.D.1985). "If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute." *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy,* 1997 ND 54, ¶ 13, 561 N.W.2d 634. If statutory language is ambiguous, we may resort to extrinsic aids to construe the statute. *Hassan v. Brooks,* 1997 ND 150, ¶ 5, 566 N.W.2d 822.

*Estate of Thompson,* at ¶¶ 6–7.

[¶ 9] Under 42 U.S.C. § 1396p(b)(4)(B), the operative language provides Medicaid benefits can be recovered from:

[R]eal and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.

[¶ 10] The parties stipulated Verna Wirtz is a survivor, heir, or assign of Clarence Wirtz, and Clarence Wirtz had not transferred or conveyed any property or other assets he had any legal title or interest in at the time of his death to Verna Wirtz through joint tenancy, tenancy-in-common, survivorship, life estate, or living trust. Our inquiry, therefore, is narrowed to whether Clarence Wirtz had "real and personal property and other assets in which [he] had any legal title or interest at the time of death, including such assets conveyed" to Verna Wirtz through "other arrangement."

[¶ 11] Under 42 U.S.C. § 1396p(e)(1), asset is defined as:

(1) The term "assets", with respect to an individual, includes all income and resources of the individual and of the individual's spouse, including any income or resources which the individual or such individual's spouse is entitled to but does not receive because of action—

(A) by the individual or such individual's spouse,

(B) by a person, including a court or administrative body, with legal authority to act in place of or on behalf of the individual or such individual's spouse, or

(C) by any person, including any court or administrative body, acting at the direction or upon the request of the individual or such individual's spouse.

*See Idaho Department of Health and Welfare v. Jackman,* 132 Idaho 213, 970 P.2d 6, 9 (Id.1998) (concluding the definition does not apply to assets disposed of on or before August 10, 1993).

[¶ 12] Thus, the department can assert a claim against real or personal property, and other assets in which Clarence Wirtz had any legal title or other interest at his death, including income and assets conveyed through "other arrangement." This has been interpreted to include community property[1] and homestead interests. *Bucholtz v. Belshe,* 114 F.3d 923, 927–28 (9th Cir.1997) (including community property interests because they are included in the state's definition of "estate" and remained liable for the decedent's debts); *Estate of Rhodes,* 148 Misc.2d 744, 561 N.Y.S.2d 344, 346 (N.Y.1990) (including homestead interests). Recovery under 42 U.S.C. § 1396p(b) is not limited to assets in the surviving spouse's estate that the Medicaid recipient had legal title to and conveyed through joint tenancy, tenancy-in-common, survivorship, life estate, or living trust. Such an interpretation would ignore the words "interest" and "other arrangement." However, on this point, the statute's language and meaning are not clear. *See Estate of Thompson,* at ¶¶ 11–14. The words "interest" and "other arrangement" are ambiguous. We, therefore, resort to extrinsic aids to ascertain the legislative intent. *Id.* at ¶ 7.

[¶ 13] In *Estate of Thompson,* we determined the Congressional committee re-

---

1. North Dakota is not a community property state. *American Standard Life and Acc. Ins.*

*Co. v. Speros,* 494 N.W.2d 599, 606 (N.D. 1993).

ports on 42 U.S.C. § 1396p(b) revealed an intent to allow states a wide latitude in seeking Medicaid benefit recoveries. *Id.* at ¶ 14.

"Allowing states to recover from the estates of persons who previously received assistance furthers the broad purpose of providing for the medical care of the needy; the greater amount recovered by the state allows the state to have more funds to provide future services." *Belshe v. Hope,* 33 Cal.App.4th 161, 38 Cal.Rptr.2d 917, 925 (Cal.Ct.App.1995). That broad purpose is furthered more fully *by allowing states to trace a recipient's assets and recover them from the estate of a recipient's surviving spouse.* . . .

We conclude consideration of all the relevant statutory provisions, in light of the Congressional purpose to provide medical care for the needy, reveals a legislative intention *to allow states to trace the assets of recipients of medical assistance and recover the benefits paid when the recipient's surviving spouse dies.*

*Id.* at ¶¶ 14–15 (emphasis added).

[¶ 14] We hold any assets conveyed by Clarence Wirtz to Verna Wirtz before Clarence Wirtz's death and traceable to her estate are subject to the department's recovery claim. However, the recoverable assets do not include all property ever held by either party during the marriage. *Cf. Estate of Jobe,* 590 N.W.2d 162, 166 (Minn.Ct.App.1999). 42 U.S.C. § 1396p(b) contemplates only that assets in which the deceased recipient once held an interest will be traced. It does not provide that separately-owned assets in the survivor's estate, or assets in which the deceased recipient never held an interest, are subject to the department's claim for recovery. Thus, recovery from a surviving spouse's separately-owned assets because of a past obligation to pay a now deceased Medicaid recipient's medical expenses as necessaries, or recovery from the surviving spouse's entire estate, including assets not traceable from the recipient, is not allowed.

[¶ 15] On the limited record before us, traceable assets could minimally include Clarence Wirtz's transferred interest in the Granada House and his interest in a land contract for deed dated March 22, 1977. However, unless the department can show traceability, assets subject to recovery would not include Verna Wirtz's solely-owned home interior business, automobile, bank account, and miscellaneous personal property. As the claimant, the department bears the initial burden of showing traceability. *See Sorum v. Schwartz,* 411 N.W.2d 652, 654 (N.D.1987) (providing "one who asserts the existence of a fact material to an issue in a case assumes the burden of proof"). We remand to allow the department the opportunity to present evidence concerning asset traceability.

[¶ 16] We reverse the trial court's order and remand for further proceedings consistent with this opinion.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.