2017 ND 243

In the MATTER OF the ESTATE OF Margie EAGON, Deceased

Ronald Eagon, Personal Representative of the Estate of Margie Eagon, Deceased, Petitioner and Appellee

v.

Elda Eagon McKeown, Respondent and Appellant

and

Carole Griggs Miller, Connie Henley, Dale Rae Tollefsrud, Peggy Murphy, Linda Melbye, Rex Eagon, and Gail Olson, Respondents

and

Jack Eagon, Respondent and Appellee

No. 20170075

Supreme Court of North Dakota.

Filed 10/17/2017

Gary D. Ramsey, Dickinson, ND, for petitioner and appellee.

Jordan L. Selinger (argued) and Bruce A. Selinger (appeared), Dickinson, ND, for respondent and appellee.

Aaron W. Roseland, Hettinger, ND, for respondent and appellant.

VandeWalle, Chief Justice.

[¶ 1] Elda McKeown appealed from a judgment ordering the distribution of Margie Eagon's estate to McKeown and her nine siblings. Because the district court did not err in interpreting the will or the probate code, its findings regarding the use of life insurance proceeds are not clearly erroneous, and it did not abuse its discretion in awarding attorney fees, we affirm.

I

[¶ 2] Margie Eagon died in 2011 and one of her ten children, Ronald Eagon, was appointed personal representative of her estate, which was valued at more than $6 million. Elda McKeown, a daughter, re-

ceived $2 million in a joint bank account she held with her mother, and under her mother's will would receive more than one-half of the estate. The other nine siblings would share the remainder of the estate. When the personal representative sought to close the estate, several of Margie Eagon's children objected to the proposed distribution. They argued the proposed distribution would reduce their inheritances but leave the inheritances of McKeown and Ronald Eagon intact.

[¶ 3] Following a trial, the district court determined that under the terms of the will the federal estate tax liability of $403,956 should be apportioned among all persons interested in the estate under N.D.C.C. § 30.1–20–16(2) (U.P.C. § 3–916) rather than abated under N.D.C.C. § 30.1–20–02 (U.P.C. § 3–902). The court found the proceeds of two $100,000 life insurance policies naming McKeown and Ronald Eagon as the beneficiaries should be used to reduce the estate tax liability. The court also awarded the parties who objected to the proposed distribution of the estate their reasonable costs and attorney fees in the amount of $23,549.26.

## II

[¶ 4] McKeown argues the district court erred in apportioning the federal estate taxes under N.D.C.C. § 30.1–20–16(2) (U.P.C. § 3–916) rather than abating the estate taxes under N.D.C.C. § 30.1–20–02 (U.P.C. § 3–902), because Margie Eagon's will contained a directive for a method of apportionment different than the method provided by the apportionment statute.

[¶ 5] "The purpose in construing a will is to ascertain the testator's intent as it appears from a full and complete consideration of the will when read in light of the surrounding circumstances." *Estate of Johnson*, 501 N.W.2d 342, 345 (N.D. 1993).

If a will provision is unambiguous, the construction of a will is a question of law fully reviewable on appeal. *See id.*; *Estate of Klein*, 434 N.W.2d 560, 561 (N.D. 1989). "Statutes are interpreted as a whole and are harmonized to give meaning to related provisions." *Estate of Johnson*, 2015 ND 110, ¶ 12, 863 N.W.2d 215; *see also* N.D.C.C. § 1–02–07. "Statutory interpretation is a question of law, fully reviewable on appeal." *Johnson*, at ¶ 12.

[¶ 6] Section 30.1–20–16(2), N.D.C.C. (U.P.C. § 3–916), generally provides for apportioning federal estate taxes and other estate taxes between beneficiaries of an estate:

Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax are to be used for that purpose. If the decedent's will directs a method of apportionment of tax different from the method described in this title, the method described in the will controls.

McKeown argues Margie Eagon's will "otherwise provides" for a different method of apportionment because a boilerplate provision of the will states: "I direct my personal representative to pay all just debts and claims against my estate, including but not limited to costs of last illness, funeral expenses, <u>federal and state taxes</u>, and costs of administration, from the assets of my estate." (Emphasis added).

[¶ 7] In *Bushee v. Bushee*, 303 N.W.2d 320, 321–22 (N.D. 1981), this Court considered whether a will directing payment of "all of my .... taxes" was sufficient to

render the estate tax apportionment statute inapplicable:

Section 30.1–20–16, N.D.C.C., provides a method of apportioning estate tax by which every part of the estate contributing to the creation of the tax liability bears its fair share of the tax burden. Upon construing a will, this Court will not lightly infer an intent by the testator to exonerate certain estate property from its fair share of the estate tax burden. The estate taxes will be paid according to the apportionment statute unless the decedent's will directs in clear and unambiguous language a method of apportionment different from that provided by the statute. *See, In Re Estate of Benton*, 191 Neb. 324, 215 N.W.2d 86 (1974); *In Re Estate of Hilliar*, 498 P.2d 1237 (Wyo. 1972); *In Re Estate of Erieg*, 439 Pa. 550, 267 A.2d 841 (1970); *See also, annot.*, 70 A.L.R.3d 630, § 3(c) (1976).

. . . .

There is no express reference in the will to "estate taxes" nor is there an express direction against the apportionment of estate taxes. We conclude that the will does not clearly and unambiguously direct a method of apportionment of estate taxes different from the method provided by statute. Accordingly, we hold that the district court did not err in its determination that the provisions of the apportionment statute, Section 30.1–20–16, N.D.C.C., are applicable for the payment of estate taxes of the decedent's estate.

[¶ 8] In *McGuire v. Gaffney*, 314 N.W.2d 851, 854 (N.D. 1982), this Court considered whether the following will provision made the estate tax apportionment statute inapplicable:

"I specifically direct that all taxes, including state inheritance taxes and federal estate taxes, which may be charge-

able against my estate or against the gifts, devises and bequests and interests under this Will shall be paid out of the general assets of the Trust Estate." [Emphasis added.]

This Court concluded *Bushee* was distinguishable because "McGuire's will clearly and unambiguously expresses her intent that estate taxes are to be paid in a manner different from that in the statute." *Id.*

[¶ 9] Examination of case law from other jurisdictions is unnecessary to resolve the issue in this case. Margie Eagon's boilerplate will provision directing payment of "federal and state taxes" from estate assets is substantively identical to the will provision in *Bushee*. It does not clearly and unambiguously direct a method of apportionment of estate taxes different from the method provided by statute. We conclude the district court did not err in apportioning the estate tax obligation in accordance with N.D.C.C. § 30.1–20–16(2) (U.P.C. § 3–916).

### III

[¶ 10] McKeown argues the district court erred in finding that the proceeds of two $100,000 life insurance policies naming as beneficiaries McKeown and Ronald Eagon, respectively, should be applied to reduce the estate tax obligation.

[¶ 11] " 'We review factual findings in a probate proceeding under the clearly erroneous standard of review in N.D.R.Civ.P. 52(a).' " *Johnson*, 2015 ND 110, ¶ 20, 863 N.W.2d 215 (quoting *Estate of Wicklund*, 2012 ND 29, ¶ 22, 812 N.W.2d 359). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made.' " *Id.*

[¶ 12] Both McKeown and Ronald Eagon testified that Margie Eagon paid the premiums for the life insurance policies and the proceeds were intended to be used to pay estate taxes and other expenses if there were not enough liquid assets in the estate to satisfy those amounts. Ronald Eagon testified the proceeds from the insurance policies were to be used to pay expenses in lieu of selling estate property. The district court found:

> Here, both Ronald Eagon and Elda [McKeown] testified that the money[s] to pay the premiums have been gifted to them by Margie and the express purpose of these accounts was to pay for the taxes if there wasn't enough money in the estate to pay the taxes so that property would not have to be sold.
>
> Both Ronald and Elda have known the purpose of the account, and whether it's an oral trust or implied trust, the monies from the life insurance policies are to be utilized to pay the taxes of the estate. Thus, the life insurance proceeds are to be used to pay the taxes.

[¶ 13] McKeown argues the district court erred because the estate had sufficient liquid assets in the form of oil and gas royalties to satisfy the estate tax liability without resorting to the life insurance proceeds. The record reflects that Margie Eagon received royalty income at the time of her death on April 5, 2011. Margie Eagon bequeathed those royalty interests to her ten children to "equally share and share alike." A personal representative's deed of distribution to the children was executed on December 29, 2011, and the deed was recorded for record on December 30, 2011. Nevertheless, the oil and gas royalties continued to be paid to the estate and were used to pay estate expenses, including federal and state taxes. According to McKeown, because the estate received almost $250,000 in royalty payments after 2011 there was no need to resort to the insurance proceeds to pay the federal estate taxes.

[¶ 14] "Property passes upon death, not upon distribution." *Feickert v. Frounfelter*, 468 N.W.2d 131, 132 (N.D. 1991). Under N.D.C.C. § 30.1–12–01 (U.P.C. § 3–101), upon death a person's real and personal property devolves to the devisees, subject to administration. Consequently, Margie Eagon's ten children had equal ownership interests in the royalty payments upon her death, subject to administration. *See Brigham Oil and Gas, L.P. v. Lario Oil & Gas Co.*, 2011 ND 154, ¶ 15, 801 N.W.2d 677. They were entitled to the income from the royalty interests during the administration of the estate. *See Stratton v. Rose*, 484 N.W.2d 274, 279 (N.D. 1992); *see also* N.D.C.C. § 59–04.2–05. At the time of her death, Margie Eagon's estate had less than $4,000 in cash to pay the estate taxes. The district court did not err in ruling "any and all [royalty payments] received by the estate after December 30, 2011, were properly that of the persons to whom the deed had been issued." Because it is undisputed the estate had insufficient liquid assets to pay the estate taxes without resorting to the royalty payments, we conclude the court's findings are not clearly erroneous and it did not err in finding an implied trust and ordering the proceeds from the life insurance policies be applied to the federal estate tax obligation.

## IV

[¶ 15] McKeown argues the district court erred in awarding the family members who challenged the proposed distribution their attorney fees.

[¶ 16] In *Estate of Hass*, 2002 ND 82, ¶ 21, 643 N.W.2d 713, this Court explained:

In *Estate of Rohrich*, 496 N.W.2d 566, 570 (N.D. 1993), this Court considered the issue of whether an attorney who is employed by a beneficiary for a will contest can recover attorney fees from the estate. This Court concluded there is no statutory basis for an award of attorney fees for legal services performed primarily for the personal interest of a beneficiary, but recognized the trial court may award attorney fees, as a matter of equity, for legal services benefiting the estate as a whole:

It has been held that the equitable power of a court authorizes an award of attorney fees in an action by one person which benefits a class of persons, thus making it equitable to spread the costs of the action among the members of the benefited class. More specifically, some states allow beneficiaries to recover fees in equity when, at their own expense and not for their sole benefit, their attorney's services benefited the estate as a whole by increasing a common fund in which other beneficiaries might share.

*Id.* at 572 (citations omitted). In *Rohrich* this Court held the attorney's action challenging the personal representative's administration added value to the estate and, consequently, the trial court did not abuse its discretion in awarding attorney fees for those legal services. *Id.* at 573.

In *Hass*, we approved an award of attorney fees where although the "contest litigation here did not increase the overall value of the estate, it resulted in the determination of the proper course of administering the decedent's estate and in determining the proper distribution of the estate's assets among the heirs of the deceased." *Id.* at ¶ 23. We will not reverse an award of attorney fees in these cases unless the court abused its discretion. *See*

*Rohrich*, at 573. " 'A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.' " *Estate of Haugen*, 2011 ND 28, ¶ 15, 794 N.W.2d 448 (quoting *Estate of Cashmore*, 2010 ND 159, ¶ 21, 787 N.W.2d 261).

[¶ 17] Here, the district court reasoned that "[h]ad the action not been brought, the Court can only assume that the estate would have remained as is and, thus, there would have been improper administration." The court further reasoned "[t]here is no doubt that through the actions of the beneficiaries, there has been proper administration and an increase in the value of the estate for not just the Petitioners, but to all beneficiaries." We conclude the court did not abuse its discretion in awarding the challengers $23,549.26 for their costs and attorney fees.

[¶ 18] McKeown also contends "any award of attorney's fees should be the sole responsibility of the Personal Representative." This is the extent of her argument. There is no supportive reasoning or citations to authorities. Without supportive reasoning or citations to relevant authorities, an argument is without merit. *See, e.g., Hale v. State*, 2012 ND 148, ¶ 40, 818 N.W.2d 684, and cases cited therein. McKeown's argument is without merit. We deny Ronald Eagon's request that McKeown be sanctioned under N.D.R.App.P. 13.

V

[¶ 19] We deny the challengers' request for an award of costs and attorney fees under N.D.R.App.P. 38. The judgment is affirmed.

[¶ 20] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen