# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 42

In the Matter of the Estate of Frederick Ardell Krueger, Deceased

Jerilyn Braaten, personal representative
of the Estate of Frederick Ardell Krueger,
deceased,                                                Petitioner and Appellant

    v.

Jodi L. Fugleberg,                                                          Respondent

   and

North Dakota Department of Human Services,            Claimant and Appellee

No. 20180237

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Shannon P. Uglem, Northwood, ND, for petitioner and appellant.

James E. Nicolai, Office of the Attorney General, Bismarck, ND, for claimant and appellee.

# In re Estate of Krueger

## No. 20180237

**VandeWalle, Chief Justice.**

[¶1]    Jerilyn Braaten, the personal representative of the Frederick Ardell Krueger Estate, appealed from an order holding the Department of Human Services may recover 100 percent of the net proceeds from the sale of Krueger's home to pay for medical assistance benefits previously received by his deceased spouse. We conclude the district court erred in ruling the Department is entitled to 100 percent of the net sale proceeds. We reverse and remand for the court to permit the Department to recover 50 percent of the net sale proceeds.

I

[¶2]    The facts are undisputed. In 1975 Lorraine and Frederick Krueger acquired their marital home in Northwood as joint tenants. In 2000 Lorraine Krueger began receiving medical assistance or Medicaid benefits which continued until her death in 2014. Frederick Krueger died in 2017 and his estate received $75,391.50 in net proceeds from the sale of the home. The Department filed a claim against his estate to recover 100 percent of the proceeds from the sale of the marital home to apply to the $278,182.13 in Medicaid benefits Lorraine Krueger had received. The district court ruled the Department could recover 100 percent of the sale proceeds.

II

[¶3]    The sole issue on appeal is whether the Department is entitled to recover 100 percent or 50 percent of the net proceeds from the sale of Frederick Krueger's home to apply to medical assistance benefits received by Lorraine Krueger. This issue involves statutory interpretation, which is a question of law, fully reviewable on appeal. *See, e.g.*, *In re Estate of Wirtz*, 2000 ND 59, ¶ 8, 607 N.W.2d 882.

[¶4]    Federal law allows "states to trace the assets of recipients of medical assistance and recover the benefits paid when the recipient's surviving spouse dies." *In re Estate of Thompson*, 1998 ND 226, ¶ 15, 586 N.W.2d 847 (footnote omitted).  Section 50-24.1-07, N.D.C.C., specifies the procedure for recovery of funds paid under the medical assistance program.  We have said the broad language of N.D.C.C. § 50-24.1-07 fully implements federal law, and we look to 42 U.S.C. § 1396p(b) to provide the meaning of the state statute because the federal statute limits the situations in which the states can recover Medicaid benefits from a surviving spouse's estate.  *See In re Estate of Bergman*, 2004 ND 196, ¶ 7, 688 N.W.2d 187; *Wirtz*, 2000 ND 59, ¶¶ 6-7, 607 N.W.2d 882; *Thompson*, at ¶¶ 10-11.  Under 42 U.S.C. § 1396p(b)(4)(B), a deceased individual's "estate" includes not only real and personal property and other assets as defined under state probate law, but may include:

> any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.

[¶5]    In *Bergman*, 2004 ND 196, ¶ 7, 688 N.W.2d 187, we construed this statutory scheme:

> We hold any assets conveyed by [the institutionalized spouse] to [the community spouse] before [the institutionalized spouse's] death and traceable to [the community spouse's] estate are subject to the department's recovery claim.  However, the recoverable assets do not include all property ever held by either party during the marriage.  *Cf. Estate of Jobe*, 590 N.W.2d 162, 166 (Minn.Ct.App. 1999).  42 U.S.C. § 1396p(b) contemplates only that assets in which the deceased recipient once held an interest will be traced.  It does not provide that separately-owned assets in the survivor's estate, or assets in which the deceased recipient never held an interest, are subject to the department's claim for recovery.  Thus, recovery from a surviving spouse's separately-owned assets because of a past obligation to pay a now deceased Medicaid recipient's medical expenses as necessaries, or recovery from the surviving spouse's entire estate, including assets not traceable from the recipient, is not allowed.

(quoting *Wirtz*, 2000 ND 59, ¶ 14, 607 N.W.2d 882).

[¶6]    The issue in this case is the extent of Lorraine Krueger's joint tenancy interest in the marital home at the time of her death for purposes of estate recovery under 42 U.S.C. § 1396p(b)(4)(B).   The Department and the district court relied on long-recognized principles of property law to conclude the Department is entitled to 100 percent of the net sale proceeds.  A joint tenancy interest is defined as "one owned by several persons in equal shares by a title created by a single will or transfer, when expressly declared . . . to be a joint tenancy."  N.D.C.C. § 47-02-06.  In *Jamestown Terminal Elevator, Inc. v. Knopp*, 246 N.W.2d 612, 613-14 (N.D. 1976), this Court quoted from Blackstone Commentaries:

> The interest of two joint tenants is not only equal or similar, but also is one and the same.  One has not originally a distinct moiety from the other; but, if by any subsequent act (as by alienation or forfeiture of either) the interest becomes separate and distinct, the joint tenancy instantly ceases.  But, while it continues, each of two joint tenants has a concurrent interest in the whole; and therefore, on the death of his companion, the sole interest in the whole remains to the survivor.

*See also* 48A C.J.S. *Joint Tenancy* § 28 (2014) ("Each joint tenant is seized of the whole estate; he or she has an undivided share of the whole rather than the whole of an undivided share of the estate.").  "Title to joint tenancy property vests immediately in a surviving joint tenant upon the death of the other joint tenant."  *Jangula v. Jangula*, 2005 ND 203, ¶ 15, 706 N.W.2d 85.  Applying these principles, the Department argues and the court held that, because no severance occurred, at the time of her death Lorraine Krueger held an undivided share of the whole property, and the Department is entitled to 100 percent of the net sale proceeds.

[¶7]    The Department's reliance on general principles of property law causes problems in this case.  If joint tenancy property vests immediately in the surviving joint tenant upon the other joint tenant's death, the Department would not have a claim against any joint tenancy property.  In *In re Estate of Serovy*, 711 N.W.2d 290, 293-94 (Iowa 2006), the court explained:

> [B]esides interests in trusts, the Medicaid recovery statute includes jointly held property in the definition of "estate."  Under property law, joint tenancy property passes by operation of law to the other joint

3

tenant when one joint tenant dies. If "at the time of death" meant "at the moment of death," the jointly held property would already have passed to the decedent's joint tenant at the time when the decedent's "estate" is to be defined for purposes of the Medicaid recovery statute. This interpretation of "at the time of death" would render the legislature's inclusion of jointly held property in the definition of "estate" meaningless.

(quoting *In re Barkema Trust*, 690 N.W.2d 50, 56 (Iowa 2004)). For this reason, courts have construed "at the time of death" as meaning "a point in time immediately before death." *In re Estate of Gullberg*, 652 N.W.2d 709, 713 n.1 (Minn.Ct.App. 2002). This interpretation of 42 U.S.C. § 1396p(b)(4)(B), with which we agree, reflects that general principles of property law were not foremost in the minds of congressional lawmakers.

[¶8] Caselaw addressing recovery of joint tenancy property is sparse and largely unhelpful. Two cases seem to suggest recovery is limited to a deceased recipient's fractional share of joint tenancy property, but it does not appear the extent of recovery was disputed. *See Serovy*, 711 N.W.2d at 296; *State, Dep't of Human Res. v. Estate of Ullmer*, 87 P.3d 1045, 1048, 1052 (Nev. 2004). We recognize that the court in *In re Estate of Grote*, 766 N.W.2d 82, 87 (Minn.Ct.App. 2009), expressly held that the extent of the interest conveyed through joint tenancy by the deceased recipient "was her interest in the entire property, which is therefore available for . . . recovery." (footnote omitted). But the decision was based on a unique Minnesota statute providing "[a] deceased recipient who at death, owned the property jointly with the surviving spouse shall have an interest in the entire property." Minn.Stat.Ann. § 256B.15(1a)(c) (2015). The parties have not cited, and we have not found, any legislative history that clarifies how the extent of a deceased recipient's interest in joint tenancy property is to be determined in North Dakota.

[¶9] In several areas of the law, however, unsevered joint tenancy interests are valued on a fractional basis. *See Am. Standard Life and Accident Ins. Co. v. Speros*, 494 N.W.2d 599, 606 (N.D.1993) ("during the continuance of the joint tenancy, each joint tenant may have his or her fractional interest taken for the satisfaction of their

4

individual debts"); *In re Hermann*, 224 B.R. 101, 104 (Bankr. 1998) (debtor's interest in joint tenancy property would be valued, for "cramdown" purposes, at one-half of debtor's total equity in the property); N.D.C.C. § 30.1-05-02(1)(a)(2) (for purposes of augmented estate, fractional interest in joint tenancy property is "the fraction, the numerator of which is one and the denominator of which . . . is one plus the number of joint tenants who survive the decedent"); N.D. Admin. Code § 75-02-02.1-32(4)(b) (for medical assistance eligibility, "the value of a partial or shared interest is a proportionate share of the total value of the asset"); 7 R. Powell and M. Wolf, *Powell on Real Property* § 51.04[1][c] (2018) ("The fractional interest of each joint tenant is also subject to being taken for satisfaction of debts, which taking—when completed—severs the joint tenancy." (footnotes omitted)).

[¶10]   We resort to one of the most basic rules of statutory construction: "Words in a statute are to be understood in their ordinary sense, that is the meaning an ordinary person could get from reading the section." *In re F.F.*, 2006 ND 47, ¶ 12, 711 N.W.2d 144 (quoting *State v. Velasquez*, 1999 ND 217, ¶ 4, 602 N.W.2d 693).  We believe an ordinary person would read "to the extent of such interest" as referring to a joint tenant's fractional interest in the joint tenancy property rather than to a joint tenant's undivided interest in the whole property.  Although all persons are presumed to know the law, *see, e.g.*, *Meier v. Meier*, 2014 ND 127, ¶ 9, 848 N.W.2d 253, we note 42 U.S.C. § 1396p(b)(4)(B) as written may well have informed an ordinary person that under principles of property law the Department was entitled to recover nothing because Lorraine Krueger's joint tenancy interest vested immediately in Frederick Krueger at the time of her death.

[¶11]   Construing 42 U.S.C. § 1396p(b)(4)(B) to give the ordinary and commonly understood meaning to the phrase "to the extent of such interest," we conclude the Department's recovery from a deceased Medicaid recipient's joint tenancy property is limited to the deceased recipient's fractional interest in the property. Consequently, we conclude the district court erred in ruling the Department may recover 100 percent, rather than 50 percent, of the net sale proceeds from the Krueger home.

[¶12] It is unnecessary to address other arguments raised because they are unnecessary to the decision. We reverse the order and remand to apply the Department's claim to 50 percent of the home's net sale proceeds.

[¶13]  Gerald W. VandeWalle, C.J.
      Jerod E. Tufte
      Daniel J. Crothers
      Lisa Fair McEvers

      I concur in the result.
      Jon J. Jensen