# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 196

In the Matter of the Estate of Kandi Ann Hall, Deceased

| | |
|---|---|
| Tyson Hall, Personal Representative of the Estate of Kandi Ann Hall, | Petitioner and Appellee |
| v. | |
| Brianna McLaen, | Respondent and Appellant |
| and | |
| Brittany Fiala, Shayla Fiala, and W.H., | Respondents |

No. 20190009

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

John D. Bullis (argued) and Brittany L. Hatting (on brief), Wahpeton, N.D., for petitioner and appellee.

Ronald H. McLean (argued) and Ian McLean (on brief), Fargo, N.D., for respondent and appellant.

**Tufte, Justice.**

[¶1]    Brianna McLaen appeals from an order granting Tyson Hall's petition for an elective share of the Estate of Kandi Ann Hall.  McLaen argues the district court erred by determining Tyson Hall could claim an elective share of Kandi Hall's intestate estate and by deciding a warranty deed for certain real property was void.  We conclude a surviving spouse may claim an elective share of an intestate estate under N.D.C.C. § 30.1-05-01, but the court erred in determining ownership of the real property.  We reverse and remand.

I

[¶2]    Kandi and Tyson Hall were married on May 23, 2013.  They have one minor child together.  Kandi Hall also has three adult children unrelated to Tyson Hall, including McLaen.  Kandi Hall died intestate on February 10, 2018.

[¶3]    At the time of Kandi Hall's death, she owned real property described as "Lots 12 and 13 and the South 10 feet of Lot 14, all in Block 34, First Addition to the City of Forman, Sargent County, North Dakota."  She initially acquired an undivided one-fourth interest in the property by a July 18, 2012, Personal Representative's Deed of Distribution.  Kandi Hall's three sisters held the remaining three-fourths interest.  She later purchased her sisters' interests in the property.  Kandi Hall and her three sisters executed a warranty deed transferring their interests in the property to Kandi Hall and McLaen "as joint tenants and not as tenants in common."  The deed was executed by Kandi as "a single woman."  Each of Kandi's sisters was joined in executing the deed by her husband. Kandi and Tyson Hall were residing in a house on the property at the time of her death in February 2018.

[¶4]    In April 2018, Tyson Hall was appointed personal representative of Kandi Hall's intestate estate.  In June 2018, Tyson Hall petitioned for an elective share of

1

the augmented estate under N.D.C.C. ch. 30.1-05. Tyson Hall argued Kandi Hall owned property worth $62,468.10 at the time of her death, including the real property. He also argued the 2013 warranty deed transferring the real property to Kandi Hall and McLaen as joint tenants was void because he was married to Kandi Hall at the time the deed was executed, he did not join in the deed or consent to the conveyance, and a homestead in North Dakota cannot be transferred without the signatures of both the husband and wife under N.D.C.C. § 47-18-05. He claimed he is entitled to an elective share of the augmented estate as a surviving spouse under N.D.C.C. ch. 30.1-05, the entire value of the real property must be included in the augmented estate because the deed is void, and he should be awarded all of the estate's assets because they are worth less than the amount of the elective share.

[¶5]   McLaen opposed the petition. McLaen argued Tyson Hall's inventory of the estate's assets failed to account for various assets, the deed transferring the property to Kandi Hall and McLaen was not void, and Tyson Hall already received more than his elective share of the estate. She requested the court recognize her as the rightful owner of the real property pursuant to the recorded deed and award her the costs she incurred to preserve the property from tax foreclosure.

[¶6]   After a hearing, the district court granted Tyson Hall's petition for an elective share of Kandi Hall's augmented estate. The court found Tyson Hall, as surviving spouse, had a right of election to take an elective share amount of the augmented estate, any attempt to transfer the real property into joint tenancy with McLaen was void because Tyson Hall did not join in the conveyance, the entire value of the real property must be included in the augmented estate, and Tyson Hall was entitled to distribution of all of the identified assets to satisfy the elective share. The court ordered McLaen divested of her interest as a joint tenant in the real property and be required to issue a quit claim deed transferring the property to the estate's personal representative.

II

[¶7]    McLaen argues the district court erred by determining Tyson Hall could claim an elective share of Kandi Hall's intestate estate under N.D.C.C. ch. 30.1-05 because an elective share may be taken by a surviving spouse only if there is a will.  She contends the purpose of an elective share is not served by applying it in an intestate proceeding because the elective share is to protect a spouse from being disinherited under a will.

[¶8]    The interpretation of a statute is a question of law, which is fully reviewable on appeal.  *In re Estate of Johnson*, 2015 ND 110, ¶ 12, 863 N.W.2d 215.  Our primary objective in interpreting a statute is to determine the intent of the legislation, as expressed in its statutory language.  *In re Estate of Brandt*, 2019 ND 87, ¶ 13, 924 N.W.2d 762.  Words are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined or contrary intention plainly appears.  N.D.C.C. § 1-02-02.  Statutes are construed as a whole and harmonized to give meaning to related provisions.  N.D.C.C. § 1-02-07; *Brandt*, at ¶ 13.  We interpret statutes to give effect to all of their provisions.  N.D.C.C. § 1-02-38(2).  When a uniform statute is interpreted it must be construed to effectuate its general purpose to make the law uniform in the states which enacted it.  N.D.C.C. § 1-02-13.

[¶9]    Section 30.1-05-01, N.D.C.C., governs the elective share for a surviving spouse, and states:

1.  The surviving spouse of a decedent who dies domiciled in this state has a right of election, under the limitations and conditions stated in this chapter, to take an elective share amount equal to fifty percent of the augmented estate.

2.  If the sum of the amounts described in [N.D.C.C. § 30.1-05-02(2)(d)], [N.D.C.C. § 30.1-05-03(1)(a)], and that part of the elective-share amount payable from the decedent's probate estate and nonprobate transfers to others under [N.D.C.C. § 30.1-05-03(2) and (3)] is less than seventy-five thousand dollars, the surviving spouse is entitled to a supplemental elective-share amount equal to seventy-five thousand dollars minus the sum of the amounts described in those sections.  The supplemental elective-share amount is payable from the decedent's probate estate and from recipients of the decedent's nonprobate transfers to others in the order of priority set forth in [N.D.C.C. § 30.1-05-03(2) and (3)].

3. If the right of election is exercised by or on behalf of the surviving spouse, the surviving spouse's homestead allowance, exempt property, and family allowance, if any, are not charged against, but are in addition to, the elective-share and supplemental elective-share amounts.

[¶10] Nothing in the plain language of the statute limits the right of election to testate cases where there is a will. Section 30.1-05-01, N.D.C.C., is based on Uniform Probate Code § 2-202. The official comment to the uniform provision does not specifically address whether the right to an elective share is limited to testate estates, but simply states, "To have the right to an elective share under subsection (a), the decedent's spouse must survive the decedent."

[¶11] Section 30.1-05-03(1), N.D.C.C., which governs the sources from which an elective share may be satisfied, states the "[a]mounts included in the augmented estate under [N.D.C.C. § 30.1-05-02(2)(a)] which pass or have passed to the surviving spouse by testate or intestate succession" are to be applied first to satisfy the elective share. This statute expressly states the elective share may be satisfied by property that passes to the surviving spouse by intestate succession. The statute anticipates the elective share may be applied to both testate and intestate estates. When the statutes are read together and harmonized, they support interpreting N.D.C.C. § 30.1-05-01 to allow a surviving spouse to claim an elective share in both testate and intestate cases.

[¶12] In *Jones v. Jones*, 310 N.W.2d 753, 757 (N.D. 1981), while discussing ownership of partnership property, this Court said in dicta that a prior version of N.D.C.C. § 30.1-05-01 "gives the surviving spouse the right of election to take one-third of the estate under certain limitations and conditions if the other spouse dies intestate." The prior version of N.D.C.C. § 30.1-05-01 contained language similar to the current version. *See* N.D.C.C. § 30.1-05-01 (1976) (stating "[i]f a married person domiciled in this state dies, the surviving spouse has a right of election to take an elective share of one-third of the augmented estate under the limitations and conditions hereinafter stated"). Although this Court's statement in *Jones* is dicta, it

4

is consistent with the plain language of N.D.C.C. § 30.1-05-01. We conclude the surviving spouse of a decedent may claim an elective share of either a testate or intestate estate under N.D.C.C. § 30.1-05-01.

[¶13] Our interpretation of N.D.C.C. § 30.1-05-01 is consistent with the interpretation of similar statutes in other states. *See, e.g.*, *In re Estate of Antonopoulos*, 993 P.2d 637, 641-43 (Kan. 1999) (holding the surviving spouse of an intestate decedent is not precluded from exercising elective-share rights under Kan. Stat. Ann. § 59-6a201 *et seq.*); *In re Will of Shepherd*, 761 S.E.2d 221, 225-26 (N.C. Ct. App. 2014) (stating it is clear from the plain language of the statute that an elective share may be claimed by a surviving spouse if the decedent dies intestate because the statute requires property passing by intestate succession to be included in calculating the elective share); *In re Estate of Smith*, 401 N.W.2d 736, 738, 740 (S.D. 1987) (stating the surviving spouse may opt to take an elective share of the augmented estate when the decedent died intestate and the intestate succession statute does not conflict with the elective share statute). *See also* Lawrence H. Averill, Jr., *Uniform Probate Code in a Nutshell*, 79 (3d ed. 1993) (stating the opportunity to take an elective share "exists whether the decedent died intestate, testate with a will which disinherits the surviving spouse, or testate with a will which gives all or part of the estate to the surviving spouse").

[¶14] McLaen contends the purpose of the elective share statutes is to protect a surviving spouse from being disinherited under a will and therefore an elective share is unnecessary when there is an intestate estate because the surviving spouse is already entitled to a portion of the intestate estate. Although a surviving spouse may be disinherited under a will, testate and intestate decedents may also disinherit a surviving spouse through nonprobate transactions. Therefore, our interpretation of N.D.C.C. § 30.1-05-01 is consistent with the purpose of the statute. *See Antonopoulos*, 993 P.2d at 642 (discussing the underlying public policy of elective share statutes).

[¶15] From the language used in N.D.C.C. ch. 30.1-05, we conclude a surviving spouse may exercise the right to an elective share of a testate or intestate estate. The district court did not err by deciding Tyson Hall could claim an elective share.

III

[¶16] McLaen argues the district court erred by deciding that the 2013 warranty deed conveying the real property to Kandi Hall and McLaen as joint tenants is void and by ordering that the effect of the voided deed was for Tyson Hall to obtain a full interest in the property. She contends Tyson Hall did not have an interest in Kandi Hall's property and he did not need to sign the warranty deed in order for it to be valid. McLaen contends that even if the warranty deed is void, Tyson Hall would not be entitled to a full interest in the property because Kandi Hall and her sisters each would continue to have a one-fourth interest in the property.

[¶17] A legal conclusion of whether a deed is void or voidable is a question of law. *Gannaway v. Torres*, 2017 ND 287, ¶ 12, 904 N.W.2d 317. Factual findings in a probate proceeding are reviewed under the clearly erroneous standard. *In re Estate of Eagon*, 2017 ND 243, ¶ 11, 902 N.W.2d 751.

[¶18] The district court found the conveyance of the real property to McLaen as a joint tenant was void and ordered McLaen to issue a quit claim deed transferring her interest in the property to Tyson Hall. The court found the entire value of the house should be included in the augmented estate because Kandi Hall contributed all monies to the purchase of the property and McLaen did not contribute any funds. The court also found the property "was the homestead of the parties from May 23, 2013 and continuing through the present, any attempted transfer of the homestead into joint tenancy, with Brianna McLaen, was void in that the decedent's spouse . . . did not join in the conveyance." The court further concluded, "[Tyson Hall's elective] share cannot be satisfied without including the value of the decedent's non-probate transfers to others pursuant to N.D.C.C. § 35.1-05-02. As a result, [Tyson Hall] is entitled to

6

the homestead in its entirety including any share of the joint tenant, Brianna McLaen . . . ."

[¶19] Tyson Hall contends the warranty deed is void under N.D.C.C. § 47-18-05. Section 47-18-05, N.D.C.C., states, "The homestead of a married person, without regard to the value thereof, cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife." The conveyance of a homestead or any portion thereof must be executed and acknowledged by both husband and wife, or it is void and ineffective. *See Nichols v. Schutte*, 26 N.W.2d 515, 521 (N.D. 1947).

[¶20] The district court found the property was Tyson and Kandi Hall's homestead, and McLaen does not argue the court's finding is clearly erroneous. In July 2012, Kandi Hall and her three sisters each received an undivided one-fourth interest in the property through a Personal Representative's Deed of Distribution. Kandi Hall married Tyson Hall in May 2013. After the marriage, Kandi Hall and her sisters executed a warranty deed intended to convey the property to Kandi Hall and McLaen as joint tenants. Kandi Hall's three sisters and their spouses all signed the warranty deed as grantors. Tyson Hall did not sign the warranty deed. Because Tyson Hall was married to Kandi Hall when the warranty deed was executed and he did not sign the deed, the deed is ineffective to convey any interest Kandi Hall held in the property to McLaen. *See Anderson v. Blixt*, 72 N.W.2d 799, 803 (N.D. 1955). Any homestead interest of Tyson Hall's did not invalidate the deed to the extent it conveyed an interest from one of Kandi Hall's sisters to Kandi Hall and McLaen.

[¶21] Before the deed, Kandi Hall owned a one-fourth interest subject to her husband Tyson Hall's homestead interest. This one-fourth interest was held as a tenant in common with Kandi Hall's three sisters. The deed did not affect this interest. Because the sisters' conveyances are not void, the deed did convey their three-fourths interest to Kandi Hall and McLaen as joint tenants. *See Jackson v. O'Connell*, 177 N.E.2d 194, 196 (Ill. 1961) (recognizing as "settled . . . that a valid joint tenancy may exist in an undivided interest"). The interest Kandi Hall held in the joint

7

tenancy divested at her death.  *See Seehafer v. Seehafer*, 2005 ND 175, ¶ 19, 704 N.W.2d 841.  To satisfy Tyson Hall's elective share, the value of Kandi Hall's joint tenancy interest in the three-fourths interest is included in the augmented estate. N.D.C.C. § 30.1-05-02(2)(b)(1)(b); *Estate of Krueger*, 2019 ND 42, ¶ 9, 923 N.W.2d 475.  Thus Kandi Hall's estate holds title to a one-quarter interest in the property, and McLaen holds title to a three-fourths interest in the property.  The augmented estate includes five-eighths of the value of the property: the value of Kandi Hall's one-fourth interest plus half the value of McLaen's three-fourths interest.

[¶22]  The district court erred by finding any conveyance of the property to McLaen was void, McLaen does not own a valid interest in the property, and the entire value of the property was includable in the augmented estate.  The court also erred by ordering McLaen is divested of her interest in the property and must issue a quit claim deed conveying her interest in the property to the estate's personal representative.


IV

[¶23]  McLaen argues the district court erred by failing to order the estate to reimburse her for the 2015-2017 property taxes and insurance she paid on the property.  She alleges that after Kandi Hall's death she paid $3,735.32 for overdue property taxes and $609.20 for property insurance.  Tyson Hall admits the property taxes should be paid, but claims the court ordered the estate to pay the taxes because the court found the estate's debts included taxes and stated the conveyance of the property to Tyson Hall was subject to all liens and encumbrances including claims against the estate.

[¶24]  The district court did not specifically address McLaen's request for the costs in its order.  Tyson Hall concedes the estate should reimburse McLaen for the property taxes, and we agree.  On remand, the court must explicitly order the estate to reimburse McLaen for the 2015-2017 property taxes.

[¶25]  Tyson Hall argues the district court did not err by failing to order him to reimburse McLaen for the property insurance because McLaen was named as loss

payee on the policy, the policy did not benefit the estate, no insurance was required on the property, and no one asked McLaen to take out the insurance. There was no evidence McLaen was required to take out insurance on the property. We conclude the court did not err by failing to order the estate to reimburse McLaen for the property insurance.

## V

[¶26]   We reverse the district court's order and remand for the court to enter an order consistent with this opinion.

[¶27]   Jerod E. Tufte
        Daniel J. Crothers
        Jon J. Jensen
        Daniel S. El-Dweek, D.J.
        Gerald W. VandeWalle, C.J.

[¶28]   The Honorable Daniel S. El-Dweek, D.J., sitting in place of McEvers, J., disqualified.